WITHDRAWN 6/27/12



# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00040-CV

**$5,000 IN U.S. CURRENCY AND**
**CHRIS A. ANDERSON,**

**Appellants**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 81438**

_____

## MEMORANDUM  OPINION

_____

Chris A. Anderson appealed the trial court's default judgment rendered against him on December 27, 2011.  Anderson's docketing statement in this appeal was filed on February 13, 2012.  It was served on this Court rather than on the parties to the appeal.  *See* Tex. R. App. P. 9.5.  Anderson was notified by letter dated February 14, 2012 that the docketing statement did not contain a proper proof of service.[1]

_____

[1] Based on subsequent events, because this docketing statement was not properly served, we also strike it.

Anderson replied by letter dated February 23, 2012 and requested a blank copy of a docketing statement so that he could properly serve it. By letter dated March 7, 2012, Anderson was provided a blank docketing statement and was informed by the Clerk of this Court that he was required to serve a copy of his docketing statement on counsel for the State. He was further warned by the Clerk that the failure to timely serve the docketing statement and provide a proper proof of service would result in the Court striking the docketing statement.

Anderson provided us with a new docketing statement which was filed on March 15, 2012. However, the proof of service contained in the docketing statement indicated Anderson again served only the Court, not the State. The March 15, 2012 docketing statement was stricken on March 28, 2012. By letter of the same date, Anderson was given one more chance to properly serve his docketing statement. He was warned by the Clerk of this Court that the failure to properly serve the docketing statement would result in a dismissal of his appeal without further notice. *See* TEX. R. APP. P. 42.3(b), (c) and 44.3. He was also warned that future documents not properly served on all parties to the appeal would be stricken.

Anderson provided us with yet another docketing statement which was filed on April 19, 2012. Yet again, the proof of service indicated that he served only the Court, not the State as required.

Anderson's April 19, 2012 docketing statement is stricken and his appeal is dismissed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. § 51.207(b); § 51.941(a) (West 2005); and § 51.208 (West Supp. 2011). Anderson's affidavit of indigence was filed with the trial court on February 27, 2012. Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Docketing statement stricken
Appeal dismissed
Opinion delivered and filed May 2, 2012
[CV06]